In re Charles Callahan LODEK and Bertha Bona Lodek, Debtors.

Bankruptcy No. 5-85-00196E.

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

April 7, 1986.

John M. Tutt, San Antonio, Tex., for debtors.

Martin W. Seidler, San Antonio, Tex., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOSEPH C. ELLIOT, Chief Judge.

This matter comes before the Court on the Debtors' Motion to Avoid Lien Impairing Exemptions filed on behalf of Charles Callaghan Lodek and Bertha Bona Lodek ("Debtors") in this case under Chapter 7. Adelia Traub ("Creditor"), whose lien Debtors seek to avoid under 11 U.S.C. § 522(f), filed through her counsel an objection to Debtors' Motion.[1] A hearing was held on December 19, 1985, at which counsel for the parties stated their positions and agreed to submit the matter to the Court on briefs. The Court took the matter under advisement, received the post-hearing briefs from the parties and, after careful consideration, makes the following Findings of Fact and Conclusions of Law.

### FACTS

The relevant facts are not disputed. Prior to the filing of this Chapter 7 case, on November 8, 1984 judgment was rendered in favor of Adelia Traub and against Debtors in the 285th Judicial District Court of Bexar County, Texas (the "Judgment"), which provides in pertinent part:

> The Court finds the evidence is undisputed that $3,000.00 of the money from the sale of Plaintiff's house was used to make good and valuable improvements

---

1. Debtors in their Motion refer to the lien as held by both Adelia Traub and Sue M. Hall. The interest of Hall arises by the fact that she was Traub's attorney in the lawsuit in which the Judgment, which is the subject of this action, was taken. That Judgment provides for the recovery of $18,500 as attorney's fees. As stated below, the parties do not contest that the lien which secures this part of the Judgment is avoidable. Hall's interest, although acknowledged by the Court, is not material to the issues discussed herein, and to simplify matters all reference to her interest has been avoided.

on Defendants' homestead at 2536 West Summit, San Antonio, Texas; that having traced the proceeds into Defendants' homestead, Plaintiff is entitled to a constructive trust on those funds. The Court DECREES that an equitable lien attach to the property at 2536 West Summit, more particularly described as the East forty feet of Lot Three (3), and all of Lot Four (4), SAVE AND EXCEPT the East twenty-five feet thereof, New City Block Ninety-one Hundred Eighty-one (9181), WOODLAWN PARK 5th UNIT, in the City of San Antonio, Bexar County, Texas, according to Plat thereof recorded in Vol. 2222, Page 32, Deed and Plat Records of Bexar County, Texas, in favor of Plaintiff, ADELIA TRAUB, in an amount of THREE THOUSAND AND NO/100 ($3,000.00) DOLLARS.

The Judgment provided for a total recovery of approximately $79,100.

Thereafter, Adelia Traub properly perfected a lien by filing an Abstract of the Judgment in the Deed Records of Bexar County, Texas.

On March 7, 1985, Debtors filed their Petition under Chapter 7 of Title 11. Debtors claimed as exempt under Tex.Prop. Code § 41.001 (Vernon 1984) the property described in the Judgment and referred to therein as their homestead.

On September 11, 1985, Debtors filed a Motion to Avoid Lien Impairing Exemptions seeking to avoid Creditor's lien against their homestead under 11 U.S.C. § 522(f). The portion of that Section relied upon by Debtors in their Motion states:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien;

## CONCLUSIONS OF LAW AND DISCUSSION

The parties do not dispute that to the extent Creditor's lien is based solely on the filing of the Abstract of the Judgment, it is avoidable under § 522(f) as a judicial lien. The sole point of contention is whether the $3,000 equitable lien referred to in the Judgment is also avoidable.

Creditor argues that the equitable lien referred to in the Judgment is not a judicial lien within the meaning of 11 U.S.C. § 522(f)(1) and for that reason is not avoidable under that section. She also argues that, even if the lien is a judicial lien as contemplated by § 522(f)(1), it is not avoidable because under Texas law, to the extent that the property is subject to the constructive trust referred to in the Judgment, it is property belonging to the Creditors and not to the Debtors. It follows, Creditor argues, that the Debtors may not avoid a lien on property that is not theirs.

The Debtors argue simply that the lien *is* a judicial lien as defined by 11 U.S.C. § 101(30) and used in § 522(f)(1). Section 101(30) provides that a " 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Debtors assert that the $3,000 equitable lien was created by judicial process and, therefore, is within the ambit of the term "judicial lien".

The Court finds that an equitable lien does not fall within the concept of a judicial lien and, therefore, is not avoidable under § 522(f)(1). In view of this finding, the Court finds it unnecessary to reach the Creditor's argument that the lien, even if it is a judicial lien, is not avoidable because the property that is subject to it is the Creditor's, and not the Debtors' property.

A judicial lien is one "obtained by judgment, levy, sequestration or other legal or equitable process or proceeding". 11 U.S.C. § 101(30). Although this definition is a broad one, not every lien or interest that is recognized by a court is necessarily a judicial lien. *In re Colby*, 23 B.R. 142, 143 (Bankr.W.D.Wisc.1982). A more enlightening definition was given by the District Court in *Boyd v. Robinson* cited by both parties herein. The Court there said:

[A] judicial lien is an interest which encumbers a specific piece of property granted to a judgment creditor who was previously free to attach any property of the debtor's to satisfy his interest *but who did not have an interest in a specific piece of property before the occurrence of some judicial action.*

*Boyd v. Robinson (In re Boyd)*, 31 B.R. 591, 594 (D.Minn.1983), *aff'd. on other grounds*, 741 F.2d 1112 (8th Cir.1984) (emphasis added). This Court finds that the crucial distinction between a judicial lien and an equitable lien arising out of a constructive trust, such as Creditor's $3,000 lien in this case, is that an equitable lienholder has, prior to any judicial action, an interest in a specific piece of property.

Under Texas law, a constructive trust can attach only to some identifiable property which can be traced back to the original property acquired by fraud. *Rosenberg v. Collins*, 624 F.2d 659, 663 (5th Cir.1980). The constructive trust arises when legal title to the property wrongfully taken passes. *Meadows v. Bierschwale*, 516 S.W.2d 125, 133 (Tex.1974). When property subject to a constructive trust is transferred, a constructive trust fastens on the proceeds. *Id.* Thus, in the instant case, the constructive trust arose at the point the $3,000 was wrongfully taken by Debtors from Creditor, and it fastened to the proceeds, the improvements on Debtors' homestead, when the funds were transferred or used to pay for those improvements. The Creditor is a lienholder by virtue of her equitable right to a constructive trust on those improvements. *Id.* The lien that was decreed by the State District Court merely protects this pre-existing interest of Creditor in Debtors' homestead that was created under Texas law, not when the Judgment was rendered, but rather at the moment the funds that were wrongfully taken and already subject to a constructive trust were used to purchase the improvements on the homestead. *See Boyd v. Robinson*, 741 F.2d 1112, 1114 (8th Cir.1984). Cases which decree such equitable liens arising out of constructive trusts and, at the same time, hold that they are claims which take

precedence over other security interests and even the debtor's claim of homestead, are consistent with this Court's finding that the equitable lien pre-existed the judicial proceedings and the Judgment. *See e.g. Meadows v. Bierschwale*, 516 S.W.2d 125, 133 (Tex.1974) (equitable lien takes precedence over subsequent security interest) and *In re Greene*, 40 B.R. 807, 810 (Bankr.N.D.Tex.1984) (quoting the Court's prior Order stating that "[t]he constructive trust and equitable lien granted herein attached to the subject property simultaneously with acquisition of such property by [debtors], and such constructive trust and equitable lien are subject to enforcement without regard to any claim of homestead.").

Also supportive of this Court's finding that an equitable lien recognized by Texas courts is not a judicial lien under the Bankruptcy Code is the legislative history behind 11 U.S.C. § 101(31), which section defines "lien" as used in the Code. There it is stated:

In general, the concept of lien is divided into three kinds of liens: judicial liens, security interest, and statutory liens. Those three categories are mutually exclusive and are exhaustive *except for certain common law liens.*

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 312 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 25 (1978), reprinted in 1978 U.S. Code & Cong. & Ad.News 5787, 5811, 6269. (emphasis added). Thus, the Bankruptcy Code contemplates a type of lien, not a judicial lien, but one that arises under common law, the basis of which, of course, is judicial action.

The Court, therefore, finds that the equitable lien of Creditor pre-existed the judicial proceedings wherein the Judgment was obtained, and is not, therefore, a "lien obtained by judgment ... or other legal or equitable proceeding." The Court thus holds that the equitable lien of $3,000 on Debtors' homestead is not a judicial lien avoidable under § 522(f)(1).