**In re Loryce Wynn Ray DAVIS and Richard Allen Davis, Debtors.**

**Bankruptcy No. 88–2797–6S7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 16, 1989.

Robert H. Pflueger, Altamonte Springs, Fla., for debtors.

Leigh R. Meininger, Gainesville, Fla., Trustee.

Robert Roth, Orlando, Fla., for respondent.

## ORDER DENYING DEBTORS' MOTION TO AVOID LIEN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion filed by Richard Allen Davis and Loryce Wynn Ray Davis (Debtors). The Motion was filed pursuant to § 522(f)(1) of the Bankruptcy Code and is entitled "Motion to Remove Lien", alleging that Charmaine Hurd (Hurd) obtained a judicial lien on the property of the Debtors, which property was claimed and allowed as exempt homestead property, and that the lien involved impaired the exemption. For this reason, Debtors moved, pursuant to § 522(f)(1), to obtain a determination by this Court that the lien is unenforceable.

In due course, Charmaine Hurd filed a response and contends that the lien is not a judicial lien and, therefore, not subject to avoidance pursuant to § 522(f)(1).

The dispute could be briefly summarized as follows:

On June 3, 1986, Charmaine Hurd sold her residence to the Debtors. In conjunction with this transaction, the Debtors executed a promissory note in the principal amount of $10,000 which was to be the balance to Charmaine Hurd. In addition, a second mortgage was to be assumed by the Debtors. It is without dispute that the note was unsecured and that Hurd did not get a mortgage executed by the Debtors to secure the obligation. Upon the Debtors having defaulted on their obligation, represented by the promissory note, Hurd filed suit in the Circuit Court in Orange County and sought to foreclose an equitable vendor's lien.

On August 23, 1988, the Circuit Court entered its Final Judgment in favor of Hurd and against the Debtors which, in the recital portion of the Order, states that the Plaintiff is entitled to a vendor's lien against the real property purchased by the Defendants/Debtors and in the ordered portion adjudged that the Debtors are indebted to Hurd in the sum of $10,101.86 as principal plus $1,894.69 as accrued interest, $160.50 for court costs, and $1,700 for attorney's fees, for a total of $13,857.05.

The second paragraph states that Hurd holds an equitable vendor's lien for the above total sum superior to any claim to the property or any interest of the Defendants in the property. Set forth in the final judgment is a legal description and direction to the Clerk to schedule the property to be sold at foreclosure sale.

These are the undisputed facts based on which the Debtors contend that they are entitled to resort to the voiding power granted by § 522(f)(1) and this is a judicial lien which impairs their right to exemptions and, therefore, they are entitled to a declaration that it is unenforceable. In opposing the Debtors' position, Hurd urges that the lien in question is not a judicial lien but is a historically recognized lien known as a vendor's lien and, therefore, it is not the type which could be avoided under § 522(f)(1) of the Bankruptcy Code.

The Bankruptcy Code specifically deals with judicial liens. A judicial lien is defined in § 101(32) as "a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding". A literal reading of this section no doubt warrants a conclusion at first blush that a lien which is obtained through equitable process is a judicial lien under this definition and, therefore, is within the reach of the voiding powers granted to the Debtors under § 522(f)(1). However, on close analysis, it is apparent that in this particular instance the final judgment entered by the Circuit Court recognized an already existing equitable lien and did not impose one and, therefore, Hurd did not obtain a lien through equitable process or proceeding. Moreover, even if the lien in question was imposed by the Court, it is not the type of lien as contemplated by the Bankruptcy Code. This was precisely the holding of the District Court in *In re Boyd*, 31 B.R. 591 (D.C.Minn.1983) where Judge Miles W. Lord held that the lien is not necessarily a judicial lien as contemplated by the lien avoidance provision of the Bankruptcy Code merely because it was imposed in a judicial proceeding. In the case of *In re*

*Lodek,* 61 B.R. 66 (Bkrtcy.W.D.Tex.1986), the Bankruptcy Court for the Western District of Texas concluded that an equitable lien arising out of a constructive trust was not a judicial lien and was not avoidable under the Bankruptcy Code because the creditor's interest in the subject property pre-existed the state court judicial proceeding decreeing the existence of the equitable lien. The Court in *Lodek* relied on *In re Boyd, supra* where it was stated that:

> "[A] judicial lien is an interest which encumbers a specific piece of property granted to a judgment creditor who was previously free to attach any property of the debtor's to satisfy his interest but who did not have an interest in a specific piece of property before the occurrence of some judicial action."

This Court is not oblivious of the decision in *In re Pederson,* 78 B.R. 264 (9th Cir. BAP 1987) where Judge Meyers, speaking for the Bankruptcy Appellate Panel held that the lien against the Debtor's real property granted to the Debtor's former wife in a divorce proceeding to secure future property settlement payments was a judicial lien and, therefore, could be avoided by the Debtor under § 522(f)(1). A close reading of *Pederson* leaves no doubt that its hold-ing is not inopposite to the holding in *Boyd.* In *Pederson,* the lien in question did not pre-exist the commencement of a legal or equitable proceeding but had its genesis from the divorce proceeding, unlike *Boyd,* and also in the present instance the legal equitable proceeding merely recognized an already existing equitable lien.

Having considered the respective positions of the parties, this Court is satisfied that the vendor's lien involved in this case is not a judicial lien within the meaning of § 101(32) of the Bankruptcy Code. For this reason, this Court is satisfied that the Debtors' position is not well taken.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Remove Lien [sic] treated as a Motion to Avoid Lien of Charmaine Hurd be, and the same is hereby, denied.

DONE AND ORDERED.