**In re Richard BREWER, Debtor.**

**Bankruptcy No. 89–9259–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 20, 1990.

Matthew J. Kovschak, for debtor.

Stephen F. Baker, Trustee.

Buddy Ford, for lienholder.

ORDER ON MOTION TO AVOID LIEN

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a Motion To Avoid Lien filed by Richard Brewer (Debtor), who seeks to use the benefits of § 522(f)(1) and invalidate a lien which is claimed to be an avoidable judicial lien. The lien in question which is sought to be avoided encumbers the homestead property of the Debtor, a property which was claimed and allowed as exempt.

In opposition to the Motion, the former spouse of the Debtor, Tamula Clarice Brewer (Ms. Brewer), contends that the lien is not a type of judicial lien which could be avoided under § 522(f)(1) of the Bankruptcy Code. The facts which are relevant to the resolution of the matter under consideration are without dispute and can be summarized as follows:

On January 7, 1988, the Tenth Judicial Circuit in and for Polk County, State of Florida, entered a Final Judgment dissolving the marriage of the Debtor and Ms. Brewer. As part of the divorce decree, the Circuit Court awarded Ms. Brewer's interest in the marital home to the Debtor, but ordered the Debtor to pay $10,000 for her interest within six months of the entry of the Final Judgment. It is without dispute that the Debtor did not live up to this obligation. As a result of his failure to comply with this Final Judgment, Ms. Brewer filed a Motion in the Circuit Court and sought to enforce this provision of the Final Judgment by contempt proceeding. Her Motion was heard in the Circuit Court on July 17, 1989, at the conclusion of which the Circuit Court concluded that she was entitled to a greater amount for her equity in the former marital home and granted Ms. Brewer a lien on the Debtor's homestead securing the obligation of the Debtor in the increased amount of $25,000. It further provided that unless this amount was paid by the Debtor within ten days, the lien should be foreclosed and the property should be sold by the clerk to satisfy the Debtor's obligation to Ms. Brewer. It is without dispute that the final judgment was properly recorded in the Public Records of Polk County where the Debtor's homestead was located. The Debtor again failed to comply and the state court directed that the public sale of the property

should be held on December 13, 1989. On December 12, or the day before the scheduled sale, the Debtor filed his voluntary Petition for Relief under Chapter 7. The property involved was properly scheduled by the Debtor and was also claimed as exempt as his homestead pursuant to Art. X, Sec. 4, Fla. Const. In due course, his exemptions claimed were allowed, no one having filed or interposed any objection to his claim of exemption.

These are the undisputed facts based on which it is the contention of the Debtor that he is entitled to the relief he is seeking based on § 522(f)(1) of the Bankruptcy Code. This Section provides that:

"The debtor may ... avoid the fixing of a lien on an interest of the debtor in property to the extent such lien impairs an exemption to which the debtor would have been entitled under (federal, state or local law) if such lien is ... a judicial lien...."

The term "judicial lien" is defined by § 101(32) of the Bankruptcy Code and provides that "judicial lien" means "a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

It is without doubt in this instance that the lien was created by a judicial fiat, that is, by the entry of the Final Judgment by the Circuit Court. An almost identical question was raised in the case of *In re Sanderfoot*, 899 F.2d 598 (7th Cir.1990), in which case the Seventh Circuit concluded that when a divorce court ordered the debtor to pay his ex-spouse a sum in excess of $29,000, and to secure this obligation awarded the non-debtor spouse a lien against the family residence, the lien created by the judgment was a judicial lien, thus, subject to avoidance. The Seventh Circuit remained faithful to the plain language of § 522(f)(1) and § 101(32) of the Bankruptcy Code, having concluded that the federal definition of a "judicial lien" is clear and is controlling.

The Tenth Circuit agreed with this reasoning in the case of *Maus v. Maus*, 837 F.2d 935 (10th Cir.1988), in which the Court of Appeals held that the lien created by a divorce decree was a judicial lien for purposes of the avoiding provisions of § 522(f)(1) of the Bankruptcy Code. *See* also *In re Pederson*, 875 F.2d 781, 19 BCD 604 (9th Cir.1989).

This Court had the opportunity recently to interpret the term "judicial lien" in the case of *In re Davis*, 96 B.R. 1021 (Bkrtcy. M.D.Fla.1989). In *Davis*, this Court refused to apply § 522(f)(1) to avoid a lien because *Davis* involved a vendor's lien on the debtor's homestead property and the judgment in that case merely recognized an already existing equitable lien granted to vendors of real property. Based on these facts, this Court concluded that the lien in question was not created by a judicial fiat, that is, a judgment or through equitable process or proceeding, but merely recognized an already pre-existing lien which had its genesis in the purchase of the subject property.

In sum, based upon the foregoing, this Court is satisfied that the lien under consideration is a judicial lien, thus subject to the provisions of § 522(f)(1) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion To Avoid Lien filed by Richard Brewer, Debtor, be, and the same is hereby, granted, and the lien imposed by the Circuit Court on the Debtor's homestead legally described as

All of the S ½ of the S ½ of the N ½ of the SW ¼ of the SE ¼ of Section 22 Township 26 South, Range 27 East, lying and being West of the Old Dixie Highway in Polk County, Florida

by a judgment entered on the 16th day of November, 1989, be, and the same is hereby, declared to be within the avoiding provisions of § 522(f)(1) of the Bankruptcy Code, and the same is declared to be avoided and rendered unenforceable.

DONE AND ORDERED.