**In re Richard BREWER, Debtor.**

**Bankruptcy No. 89–9259–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 20, 1992.

Andrew S. Forman, Brandon, FL, for debtor.

Tamula Clarice Brewer, Loughman, FL, Stephen Baker, Winter Haven, FL, for movant.

Buddy Ford, Tampa, FL, trustee.

## ORDER ON RENEWED MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a reopened Chapter 7 case. The matter under consideration is a Renewed Motion For Sanctions filed by Richard Brewer (Debtor) against Tamula Clarice Brewer (Ms. Brewer), the Debtor's former wife, and her counsel of record, Stephen F. Baker (Baker). The Motion under consideration is based on the contention that Baker

and his client willfully and knowingly violated the permanent injunction granted to the Debtor when he received his general bankruptcy discharge. The Motion involves a unique factual scenario which presents complex issues, none of which is susceptible to easy resolution. The relevant facts which are without dispute and agreed upon can be summarized as follows:

Prior to the commencement of this Chapter 7 case, Ms. Baker filed a petition for dissolution of marriage in the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida. On January 7, 1988, the Circuit Court entered a Final Judgment which in pertinent part provided as follows:

> 7. Wife's interest in the marital home, located at Route 1, Box 265B, Davenport, Polk County, Florida is awarded to Husband. Husband shall pay to Wife within six (6) months of the date of this order one-half (½) of the equity in the home as of December 2, 1987, or the sum of ten thousand dollars ($10,000.00) as lump sum alimony, whichever is greater amount. Upon payment of these monies, Wife will quit claim her interest in the marital home to Husband.

It is without dispute that the Debtor did not pay Ms. Brewer the $10,000 described as lump sum alimony required by the final decree.

On November 16, 1989, the Circuit Court which dissolved the marriage entered an Order based on the Debtor's failure to pay the $10,000 to Ms. Brewer, and granted a lien securing an obligation of $25,000 against the Debtor's interest in the former marital residence, full ownership of which, as noted earlier, was granted to the Debtor. Paragraph 8 of the Order further provided that unless the sums specified by the Order were paid by the Debtor within ten days, the marital home shall be sold by the Clerk to satisfy the lien granted to Ms. Brewer. It is without dispute that the Debtor did not pay the $25,000 awarded by the Circuit Court to Ms. Brewer. For this reason, the Court ordered the property to be sold on the 13th day of December, 1989 at public auction to the highest bidder. In order to prevent the loss of the property, the Debtor filed his voluntary Petition of Relief on December 12, 1989, one day before the scheduled sale. On February 6, 1990, the Debtor filed the Motion and sought entry of an Order declaring the property to be his homestead, and on March 22, 1990, commenced the adversary proceeding against his former wife and sought determination of the validity and priority of the lien, awarded by the Circuit Court to Ms. Brewer. The adversary proceeding was dismissed on February 2, 1991. On April 27, 1990, the Debtor filed the Motion and sought to avoid the lien granted to Ms. Brewer on the former marital home by the Order entered on November 16, 1989. The Motion was heard in due course, and on July 20, 1990, this Court entered an Order and ruled that based on the definition of a judicial lien as defined by § 101(36) of the Bankruptcy Code, the lien in question was created with a judicial fiat and therefore, was subject to the avoiding power of a debtor granted by § 522(f)(1) of the Bankruptcy Code. 117 B.R. 712. The decision of this Court was based on the case of *In re Sanderfoot*, 899 F.2d 598 (7th Cir.1990), in which case the Seventh Circuit concluded that when a divorce court ordered the Debtor to pay his ex-spouse the sum in excess of $29,000, that to secure this obligation the non-debtor spouse was awarded a lien against the former residence, the lien created by the judgment was a judicial lien, thus, subject to avoidance pursuant to § 522(f)(1) of the Bankruptcy Code. The *Sanderfoot* Court relied on the case of *Maus v. Maus*, 837 F.2d 935 (10th Cir.1988), in which the Court of Appeals held that a lien created by a divorce decree was a judicial lien for purposes of the avoidance provisions of § 522(f)(1).

While it is true that the Supreme Court reviewed the 7th Circuit decision in *Sanderfoot, supra,* and reversed the 7th Circuit, for reasons stated below the reversal has no relevance to the precise issue before this Court. In due course, the Debtor received his discharge and a Final Decree was entered on February 8, 1991, and the Chapter 7 case was closed.

On June 1, 1992, Ms. Brewer filed a suit in the Circuit Court for Polk County, Florida, against the Debtor. In her suit rather than seek to enforce the lien granted to her by the Circuit Court, she sought a decree partitioning the former marital home which was awarded by the divorce court to the Debtor.

On September 9, 1992, the Debtor filed a Motion and sought an Order to reopen the closed case. On September 9, 1992 this Court granted the Motion and reopened the Chapter 7 case of the Debtor for the limited purpose of permitting the Debtor to institute whatever action appeared to be appropriate to protect his rights flowing from his general discharge against any action of his former wife which he perceived to be a threat and violation of the protection granted to him by § 524(a)(2) of the Bankruptcy Code.

On August 25, 1992, the Debtor filed his original Motion For Sanctions. In its Motion the Debtor contended that Ms. Brewer violated the permanent injunction included in the Debtor's discharge by filing a partition action in the Circuit Court in Polk County and in conjunction with that lawsuit, she filed a *lis pendens* which, according to the counsel for the Debtor, was a violation not only of the permanent injunction pursuant to 11 U.S.C. § 524(a)(2) but also sanctionable pursuant to F.R.B.P. 9011.

■ First, concerning the request of the Debtor for sanctions pursuant to F.R.B.P. 9011, this Court is unable to find any submission in this case which was signed by either Ms. Brewer or her counsel and who by their signatures violated the certification requirement of F.R.B.P. 9011, which, of course, is a condition precedent for the imposition of sanctions under this Rule.

■ This leaves for consideration the question whether the suit by Ms. Brewer in which she seeks partition of the former marital property is a violation of the permanent injunction granted by the Debtor's discharge, and thus warrants the finding that she and her attorney are guilty of civil contempt.

The resolution of this question is not without difficulty. If Ms. Brewer's suit is viewed solely as an *in rem* action against the Debtor's homestead which was claimed and allowed as exempt, her action clearly has no impact on the Debtor's right flowing from the general discharge. On the other hand, if her suit is viewed as an indirect attempt to collect a discharged debt, that certainly could be a violation of the permanent injunction granted by § 524 of the Bankruptcy Code.

As noted earlier, this Court determined the lien imposed by the Circuit Court on the marital home was a voidable judicial lien pursuant to § 522(f)(1). This ruling is still the law of the case. Thus, the fact that the Supreme Court reversed the 7th Circuit is of no consequence. This is so because Ms. Brewer expressly disavowed that she is seeking to foreclose her lien, but she simply seeks only to assert her co-ownership right in the subject property through her suit for partition.

Of course, her right to partition the former marital home depends on the interpretation of the Final Decree which dissolved the marriage and calls into play the applicability or *Fla.Stat.* § 55.141. Since none of these issues have any relevance at this time to the pre-petition debts which were rendered unenforceable by the discharge granted to the Debtor, her suit for partition was not a clear, intentional attempt to collect a discharged debt. Thus, there is no basis to find her or her counsel guilty of civil contempt for violation of the permanent injunction granted by § 524(a)(2) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Renewed Motion For Sanctions is hereby denied.

DONE AND ORDERED.