In re Melvyn LIEBERMAN, Debtor.

MOSELEY ASSOCIATES, INC., Plaintiff,

v.

Melvyn LIEBERMAN, Defendant.

Bankruptcy No. 80–01281.
Adv. No. 80–0100.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Oct. 13, 1981.

G. Warthen Downs, Richmond, Va., for plaintiff.

Carl J. Witmeyer, II, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Moseley Associates, Inc. (Moseley) of a complaint to determine the dischargeability of a debt incurred by Melvyn Lieberman (Lieberman). Trial was held on the complaint on May 7, 1981. Upon the foregoing, the Court makes the following determination.

## STATEMENT OF THE FACTS

Between December, 1975, and October, 1979, Lieberman, an equipment distributor, ordered communications equipment from Moseley. Moseley delivered the equipment and Lieberman installed the equipment in the construction of a radio station in Pound, Virginia.

This commercial relationship between Lieberman and Moseley began on October 9, 1975, when Broadcast Engineers and Equipment Representatives (BEER), a business owned by Lieberman, submitted an application to Moseley, which was titled as a credit application. In that agreement Lieberman represented that BEER was a partnership in which Charlotte Lieberman, Lieberman's wife until a divorce in 1978,

was the principal owner. Lieberman signed the agreement in the capacity of a sales manager. Although Charlotte Lieberman may have participated in the operation of BEER, BEER clearly was a sole proprietorship throughout the entire period and it was owned by Lieberman.

Lieberman received over $50,000 worth of equipment from Moseley during the four-year business relationship. Lieberman paid all of the bills he owed Moseley until October, 1979, when he failed to pay for equipment having a value of $8,368.45. Lieberman alleged he was unable to pay for the final $8,368.45 worth of equipment delivered because he was not paid in full by the owner of the radio station. Moseley failed to proffer any evidence showing Lieberman was paid in full. On October 8, 1980, Moseley obtained a judgment in the Circuit Court of Henrico County, Virginia, for $8,368.45. That judgment also included interest from February 25, 1980, attorneys' fees in the amount of $2,245.00, and costs of $39.50. Lieberman failed to pay any part of this judgment. An order for relief in this case was entered on August 18, 1980.

Upon the foregoing, the Court finds that Moseley did not reasonably rely on the representation contained in Lieberman's application for credit when it delivered the equipment to Lieberman in 1979 and for which Lieberman never paid Moseley.

## CONCLUSIONS OF LAW

A debt for obtaining property or an extension of credit by actual fraud or false representation is nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(2)(A). An objecting creditor must show the existence of each of these elements for this Court to hold a debt to be nondischargeable under this section:

"(a) that the debtor made the false representations;

(b) that at the time of making them, he knew that they were false;

(c) that he made them with the intention and purpose of deceiving the creditor;

(d) that the creditor relied on such representations; and

(e) that the creditor sustained the alleged loss and damage as the proximate result of the representations' having been made." *In re Krulik,* 6 B.R. 443, 448 (Bkrtcy.M.D.Tenn. 1980). *See also, Sweet v. Ritter Finance Company,* 263 F.Supp. 540 (W.D.Va.1967).

Lieberman submitted to Moseley the application for credit on October 9, 1975. The application was not a financial statement and did not purport to be one. Instead, the application was a one-page agreement on which the applicant listed a bank reference and his three principal suppliers and in which the applicant agreed to certain payment terms. Lieberman stated inaccurately in the agreement that Charlotte Lieberman, his wife, was the principal owner of BEER. Lieberman also represented that he was BEER's sales manager and not its owner. Moseley argued that these statements in the agreement were false representations of the debtor's interest in the business and that it relied upon these statements in providing Lieberman with the broadcast equipment. Moseley also argued that under *Virginia Code* § 43–13 (Rep.Vol.1981)[1], Lieberman committed fraud implied in law. That section of the Virginia Code provides that the use of funds by a general contractor which have been paid to that contractor constitutes fraud if he uses those funds before paying the balance due for materials furnished under the contract. Lieberman's failure to pay for the equipment alone is not fraudulent. Under 11 U.S.C. § 523(a)(2)(A), only those frauds which result from acts of moral turpitude or intentional wrongs are sufficient to make a debt nondischargeable. 3 *Collier on Bankruptcy,* § 523.08 (1981 15th ed.). The fraud must be actual or positive fraud, not fraud implied in law: Fraud

---

1. "The use by any such contractor or subcontractor of any moneys paid to him under the contract, before paying all amounts due or to become due for labor performed or material furnished for such building or structure, for any other purpose than paying such amounts, shall be prima facie evidence of intent to defraud." *Va.Code,* § 43–13 (Rep.Vol.1981).

implied in law such as that alleged under *Virginia Code* § 43–13 is insufficient under bankruptcy law. *Neal v. Clark*, 95 U.S. 704, 24 L.Ed. 586 (1887). *See also*, 124 *Cong. Rec.* H 11,095–6 (daily ed. Sept. 28, 1978); S 17,412–13 (daily ed. Oct. 6, 1978).

 Lieberman falsely represented on the credit application that Charlotte Lieberman was BEER's principal owner. Moseley failed to show, however, that it reasonably relied on that representation when it extended credit and property to the debtor and that its loss was a proximate result of the representations having been made. *Sweet* at 543. Moseley proffered no witness who testified that the company relied on the statement when it first extended credit to Lieberman. The application was approved on December 10, 1975 by an employee of Moseley who was not with the company at the time of the trial. The sole witness who testified Moseley relied on the statement was William Sergeant. Sergeant was not employed by Moseley until 1977, two years after the business relationship began.

Even if Moseley had shown it relied on the credit document in 1975, such proof would have been irrelevant to Plaintiff's reliance in 1979. The Defendant's account was kept current over a four-year period. Moseley's dealings with Lieberman by 1979 were based upon a history of dealings over a period of years. Any reliance in 1979 on a statement given in 1975 would not have been reasonable.

An appropriate order will issue.