In re Hugo Orlando **DAHDAH** and Esperanza Dahdah, Debtors.

**ASSOCIATES FINANCIAL SERVICES COMPANY OF CALIFORNIA, INC., a California corporation, Appellant,**

v.

**Hugo Orlando DAHDAH and Esperanza Dahdah, Appellees.**

BAP No. CC–81–1086–KGH.

Bankruptcy No. SA–81–00062PE.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Oct. 22, 1981.

Decided March 16, 1982.

Albert C. Foell, Hamilton & Foell, Garden Grove, Cal., for appellant.

Don R. Perry, Slate & Leoni, Santa Ana, Cal., for appellees.

## OPINION

Before KATZ, GEORGE and HUGHES, Bankruptcy Judges.

KATZ, Bankruptcy Judge:

Esperanza and Hugo Dahdah, a married couple, filed a Chapter 7 petition as joint debtors. She elected the California exemptions; he chose the federal exemptions. All the household furnishings were claimed by Ms. Dahdah under California Code of Civil Procedure Section 690.1.

Appellant Associates Financial Services Co. (Associates), a creditor of the Dahdahs, filed an objection to the exemptions claimed and at trial raised other objections. The trial court found in favor of the Dahdahs on all contested matters. Appeal was taken on three issues. The Panel affirms the holdings of the trial court.

■ The first issue raised is the propriety of the election and stacking of federal and state homesteads. This Panel recently analyzed this situation in *In re Ageton*, 14 B.R. 833 (Bkrtcy.App.1981). Although *Ageton* involved Arizona homestead law, the rationale developed there is fully applicable here. Hence that issue has been resolved in favor of the debtors. *See In the Matter of Cannady, et al.*, 653 F.2d 210, 4.

In the absence of state law prohibiting the election of the federal exemptions of § 522(d), the policies of liberal construction of the exemptions and a fresh start for joint debtors requires that each joint debtor be allowed to elect federal or state exemptions independently pursuant to § 522(m). Just as the personal property exemptions are cumulatively applied to withdraw property from the estate, so too are the homestead exemptions applied to the residential real property. Therefore, the election and stacking of federal and California homesteads were proper.

■ The second issue concerns whether California Code of Civil Procedure Section 690.52 limits the exemptions available to a debtor who elects the state exemptions. Associates asserts that election of the state exemptions subjects the debtor to all limitations therein. The debtors believe that 11 U.S.C. § 522(f) allows a debtor to alter a state exemption scheme. We believe the debtors are correct.

The bulk of the California exemptions available to a debtor are found in Code of Civil Procedure Sections 690 to 690.29. Section 690 describes the statutory scheme: "Except as otherwise specifically provided, the property mentioned in Sections 690.1 to 690.29, inclusive, is exempt from execution when claim for exemption is made...." A primary limitation on exemption is Section 690.52: "No article, however, or species of property, mentioned in Sections 690.1 to 690.29, inclusive, of this Code is exempt from execution issued upon a judgment recovered for its price, or upon a judgment of foreclosure of a mortgage or other lien thereon." Associates argues that the Section 690.52 limitation on exemption applies here and limits a debtor's ability to exempt property under 11 U.S.C. § 522(b)(2). Their proposition is that the Code cannot give more than the state law. This view is erroneous, for it overlooks the potent effect of pairing the Supremacy Clause of the Constitution with 11 U.S.C. § 522(f).

The Supremacy Clause gives effect to federal law when it conflicts with state law. State law is suspended, and the federal law is applied. Section 522(f) allows a debtor to avoid the fixing of a lien on otherwise exempt property if the lien is judicial or nonpossessory, nonpurchase-money security interest in the debtor's household furnish-

ings and goods. As described in *In re Pape*, 7 B.R. 443 (Bkrtcy.1980), these liens are avoidable if the property would be exempt but for the lien. In other terms, where such a lien works a waiver of exemption, the debtor can receive the full exemption without restriction because the Code will not recognize a waiver resulting from either lien.

Section 690.52 denies the debtor the right in California to exempt property from execution on a judgment for a lien thereon. That section is at best a waiver of exemption which is not enforceable in bankruptcy. Here, Associates admits that its interest in the furniture is nonpossessory and nonpurchase-money. In California, Associates has a claim on the furniture which the debtors cannot avoid. In the bankruptcy court, the debtor is not similarly disadvantaged. Associates has precisely the lien on household furnishings which § 522(f) allows the debtor to avoid. Their property, but for the lien, is exempt. Therefore, the fixing of the lien can be and has been avoided and the exemption restored.

■ Finally, Associates argues that Ms. Dahdah cannot claim an exemption for all the household furnishings because Mr. Dahdah technically owns a one-half interest therein. Apparently the property was acquired during marriage. If so, it is presumptively community property under California Civil Code § 5110.

A spouse is limited by community property law in what he or she can exempt under § 522(d). *In re Skipworth*, 9 B.R. 730 (1981), held that a joint debtor could only exempt one-half of any community property claimed under § 522(d)(5). This subsection allows the exemption of "the debtor's aggregate interest" in any property. Judge Meyers held that California law vested in one spouse a one-half interest in community property. Therefore, one spouse's aggregate interest for § 522(d) purposes cannot exceed 50 percent of value. Associates claims that similar restrictions operate when the California exemptions are applied. This claim is erroneous.

At issue here is the exemption of all household furniture by one spouse under California Code of Civil Procedure Section 690.1. This exemption protects: "Necessary household furnishings and appliances and wearing apparel, ordinarily and reasonably necessary to, and personally used by, the debtor and his resident family. . . ." No community property limitation appears in the statute. Once reasonable necessity and personal use by the debtor and family are established, no attack is possible on the exemption. Associates argues that only "vested property rights" can be exempted. This overlooks the provisions of the California statute. The focus is on family need and use in establishing the exemption, not on the debtor as an individual. Associates' argument has no basis. We read this section to allow Ms. Dahdah to exempt all necessary household furnishings used by herself and her family.

Affirmed.

HUGHES, Bankruptcy Judge, concurring in part and dissenting in part:

This is an appeal from two formal orders and one informal order in favor of two debtors, for a total of six orders. The first order expressly overruled appellant's objections to the debtors' claims of exemption to household goods and implicitly avoided appellant's consential lien on those goods. The second formal order allowed the debtors' claims of exemption to real property. The panel affirms all of these orders. I concur as to two orders affecting one of the two debtors and dissent as to the rest.

I

The debtors, who are husband and wife, filed a joint petition under Chapter 7. The husband elected the federal exemption alternative, 11 U.S.C. § 522(b)(1), and the wife elected the state exemptions, 11 U.S.C. § 522(b)(2).

As to the first order, the husband claimed one-half of the household goods exempt under 11 U.S.C. § 522(d)(3), valuing this half at $1250, and the wife claimed one-half exempt under California Code of Civil Pro-

668

cedure § 690.1. When appellant creditor pointed out the necessity of valuing each item separately under 11 U.S.C. § 522(d)(3), the debtors amended their schedules. The husband abandoned his claim of exemption to the household goods and the wife then claimed all household goods, rather than only one-half, exempt under California law.

The debtors also "elected to avoid the lien of [creditor-appellant] on the household goods under 11 U.S.C. § 522(f)." Over appellant's objections, the debtors' exemption claims were allowed.

Appellant objected that (1) California law prevents avoidance of the lien and (2) one of two debtors in a joint debtor proceeding may not exempt the property interest of the other joint debtor. (The panel characterizes the second objection as an argument that "Mrs. Dahdah cannot claim an exemption for all of the household goods because Mr. Dahdah technically owns a one-half interest therein.")

A.

The lien avoidance order is implicit in the order allowing the exemption of household goods. The parties treat it as an express order and I agree that it is properly before us. As to that issue, appellant argues that § 522(f)(2) may avoid a lien only on exempt property and that, under California law, the household goods are not exempt as to one holding a lien. Like the panel, I believe that—for purposes of 522(f)—the question is whether *but for* the lien the property would be exempt.

The goods are community property (p. 6 appellees' brief; p. 14 appellant's brief). They were claimed exempt by Mrs. Dahdah. I concur with the panel's affirmance of the order allowing *her* claim of exemption as to the household goods; I also concur in affirming the avoidance of appellant's lien on the goods as to Mrs. Dahdah. (As I read appellant's brief, it does not contest these orders either).

I dissent, however, from the panel's holding to the extent it affirms the trial court's order exempting the household goods *as to Mr. Dahdah* and avoiding appellant's lien on

the goods as to him. I defer further discussion of this matter for the moment.

B.

The homestead exemption order, although complicated by the need to adjust for increases in the homestead amount since some of the debt was incurred, permits "stacking" of state and federal exemptions. Thus, Mrs. Dahdah's state homestead claim for husband and wife as well as Mr. Dahdah's federal residential exemption claim for himself were recognized. The order thus added the allowable federal exemption of $7311 claimed by Mr. Dahdah to the allowable $20,000 state exemption claimed by Mrs. Dahdah.

The panel is correct in holding that the rationale developed in *In re Ageton*, 14 B.R. 833 (9th Cir. BAP 1981) is fully applicable here. Accord, *In re Emmerich* 19 B.R. 666 (9th Cir. Bkrtcy.App.1982). Because I believe that this panel, as well as the *Ageton* panel and *Emmerich* panels, fails to reconcile section 522(b) and 541(a), I dissent and take this opportunity to expand on the views I expressed in *Ageton*.

C.

One of the issues raised by appellant, which would seem applicable to both real and personal property, was:

Can one debtor in a joint debtor proceeding exempt the property interest of the other joint debtor under Federal or State exemption laws?

The panel answers that question by concluding that, under California law, Mrs. Dahdah may "exempt all necessary household furnishings used by herself and her family," even though the goods are community property and Mr. Dahdah has an interest in them. I fully concur with that holding, so far as it goes.

I see appellant's question as going farther. After noting that Mr. Dahdah claimed no exemption, state or federal, in the household goods, appellant argued: "Title 11 does not appear to incorporate any agency principles for the other joint debtor

to act on his/her behalf. The appellant contends where joint debtors elect to choose distinct and separate exemptions, each must affirmatively subject his vested property rights to the selected statutory provisions..." P. 15.

Thus the question raised by appellant focuses not so much on Mrs. Dahdah's rights under state law to claim all of the community property household goods exempt, as on the consequences under federal law of Mr. Dahdah's failure to claim the goods exempt.

In my judgment, the consequences are considerably different than the panel supposes. What the panel overlooks is the effect of Mr. Dahdah's bankruptcy case on the household goods in light of 11 U.S.C. § 541(a). Those goods are property of his estate and, in my opinion, may be exempted from his estate by him alone.

As I see it, this panel—just as the panels in *Ageton*, supra, and *Emmerich*, supra, and the court of appeals in *Matter of Cannady*, 653 F.2d 210 (5th Cir. 1981)—fails to acknowledge the changes wrought by the Bankruptcy Code in the relationship between exempt property and property of the estate. Whatever may have been the case under the former Act, property of the estate includes even property that is exempt. It is not enough, then, to hold (as this panel does and as *Ageton, Emmerich* and *Cannady* did) that property is exempt; it is also necessary to determine whether exempt property is withdrawn from property of the estate.

The panel today does not demonstrate how the household goods are withdrawn from Mr. Dahdah's estate.

## II

The interplay between sections 541 and 522 of the Bankruptcy Code is discussed by the Seventh Circuit Court of Appeals in *Matter of Smith*, 640 F.2d 888 (7th Cir. 1981):

Section 541 of the Code reflects the policy of the reformers to include all of the property of the debtor in a bankruptcy case ... Section 522 allows the debtor

to recover through exemptions some of that property which has become the estate. P. 890

Section 541 represents a major change from the old act, for *all* property is included in the estate—even exempt property. P. 891

The consequences of the debtor's failure to claim property exempt is described:

If a debtor does not claim property exempt, as provided for in section 522(1), it is not exempt and the trustee may dispose of it as he sees fit. P. 891–2

"Under the old act," the court noted, "exempt property was exempt, no matter what the debtor did, because of its very nature." P. 892.

Professor Vukowich puts the matter thus:

... [T]he Commission made a recommendation, which Congress accepted, that the bankruptcy courts have jurisdiction to resolve all disputes regarding exempt property. This goal is realized by first including exempt property as part of the debtor's estate. Section 522 then allows debtors to "exempt *from property of the estate*" certain assets. (Emphasis in original).

W. T. Vukowich, "Debtor's Exemption Rights Under the Bankruptcy Reform Act." 58 North Carolina Law Review 709, 1980.

So too, the Senate and House Reports in commenting on Section 522:

Under proposed section 541, all property of the debtor becomes property of the estate, but the debtor is permitted to exempt certain property from property of the estate under this section.

Senate Report 95–989, 95th Congress, 2d Sess. (1978); House Report No. 95–595, 95th Cong. 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

## III

It cannot be disputed that Mr. Dahdah's interest in the household goods as well as the family residence became property of the estate that was created by his filing bank-

ruptcy. Having become property of his estate it remained such until and unless it was withdrawn from his estate. As stated by the Bankruptcy Appellate Panel in *In re Willard*, 15 B.R. 898 (9th Cir. Bkrtcy.App. 1981), "[o]nce the estate is created no interests in estate property remain in the debtor ... other than that which he could exempt back from the estate under 11 U.S.C. § 522."

Section 522(1) provides the mechanism for exempting back property from the estate. A debtor (or a dependent acting on behalf of a debtor) must list the property he claims exempt. Failure to make the claim amounts to a waiver. *In re Smith*, supra, p. 891. See also Collier on Bankruptcy 15th ed. ¶ 522.07.

It is also clear that Mrs. Dahdah did not make a claim of either the household goods or of the residential property on behalf of Mr. Dahdah as is permitted by section 522(1). Her only claims of exemption were under state law, while Mr. Dahdah elected federal exemptions. Furthermore, for her to have claimed the household goods on behalf of Mr. Dahdah under section 522(1), Mrs. Dahdah would have had to value each item and that was the only reason Mr. Dahdah abandoned the claim.

Mrs. Dahdah is precluded from asserting any claim on Mr. Dahdah's behalf under section 522(1) as to the real property by the terms of that section. Since Mr. Dahdah asserted a claim, there was no authority for a dependent to do so on his behalf.

I conclude that Mr. Dahdah's failure to claim the household goods exempt resulted in a waiver of exemption as to him. The household goods thus remain property of his estate, *In re Smith*, supra, subject of course to appellant's lien.

### IV

The panel's holding with respect to adding the state and federal exemptions on the debtors' real property is also flawed and for the same reasons. Because the home is community property, the analysis here is the same as in my *Ageton* dissent, which I will not repeat.

I would only add that the Fifth Circuit's decision in *Cannady*, supra, is similarly flawed because of its failure to consider the role of section 541. All the *Cannady* court held was that "Mrs. Cannady may claim federal exemptions under section 522(d) of the Bankruptcy Code despite Mr. Cannady's choice of state exemptions..." As stated in *Ageton*, I fully agree because of section 522(m) and its legislative history.

Implicit in the *Cannady* decision is the court's assumption that the natural result of such different choices is stacking. That result does not follow, however, when section 541 and its implications are considered.

For the foregoing reasons, I respectfully dissent in part.