[No. 11601–1–I. Division One. August 29, 1983.]

ALVIN A. CHRISTENSEN, ET AL, *Appellants,* v. CHRISTGARD, INC., ET AL, *Respondents.*

---

*Kramer & Sulkosky* and *John R. Kramer,* for appellants.

*Keith D. Miller,* for respondents.

SCHOLFIELD, J.—Plaintiff Alvin A. Christensen appeals entry of summary judgment in favor of defendants Christgard, Inc., et al (Christgard), in an action seeking to invoke the protection of Washington's homestead statute, RCW 6.12, against defendants' claims arising from a prior judgment in their favor against Christensen. We affirm.

In March 1979, Christgard obtained a judgment for $19,500 against Christensen. This amount represented the purchase price of an interest in a "high–profit" sawmill manufacturing business advertised by Christensen and sold to Earl Gardinier in December 1977 to January 1978. Gardinier thereafter transferred his interest to Christgard, Inc. *See Christgard, Inc. v. Christensen,* 29 Wn. App. 18, 627 P.2d 136 (1981). In Christgard's suit to recover the purchase price, the trial judge in that prior action concluded, *inter alia,* that the sale "was unlawful and amounts to fraud by the common law and statutory law of the State of Washington." Conclusion of law 2.

After the judgment in *Christgard, Inc. v. Christensen* was entered, Christensen filed a homestead declaration on lot 4, short plat 75–285, located in Pierce County. This property had been purchased for $500 down in March 1977, and Christensen made monthly payments of $65 beginning

May 1, 1977.

By answer to post–judgment interrogatories, Christensen stated he had made only two "major expenditures" between January 1978 and October 1980. In early 1979, Christensen paid $4,500 cash for a mobile home which he placed on the property, and $5,000 cash to erect a pump house and well on the property.

Christensen listed, as income received between January 1978 and October 1980, (1) unspecified amounts from sales of tools, sawmill parts, and from instructing others to build sawmills, and (2) an inheritance of $23,000 which Christensen's wife received in April 1978. During this period, Christensen and his wife "personally kept all funds on person [sic]." With the exception of a small checking account (closing balance—20 cents), the Christensens maintained no bank accounts. Christensen stated that his wife's inheritance was "[a]ll . . . spent on living expenses and legal fees." No other funds were traced to particular disbursements. Christensen's only assets, as of October 1, 1980, were the homestead property and mobile home thereon, unidentified personal effects, $300 cash, and an interest in Christgard.

Christensen contends the trial judge erred in granting summary judgment allowing an equitable lien to be imposed against property on which he filed a homestead declaration.[1] Christgard responds that a homestead claim does not protect property where the claimant's conduct in obtaining funds to acquire the property was "wrongful," or constitutes "theft" or "fraud" under the common law or by statute. *See Webster v. Rodrick,* 64 Wn.2d 814, 817–18, 394 P.2d 689 (1964); Restatement of Restitution § 210(1) (1937). Although we affirm the trial judge's ruling on these facts, we do not agree that a homestead claim is unavailing

---

[1]Although Christgard's judgment antedates Christensen's filing of his homestead declaration, it is well established that a judgment becomes a lien on the debtor's property subject to the debtor's right to defeat an execution sale by filing a homestead declaration. *Snelling v. Butler,* 66 Wash. 165, 119 P. 3 (1911); *accord, Kenyon v. Erskine,* 69 Wash. 110, 124 P. 392 (1912).

whenever the claimant's conduct may be described as "wrongful" or contrary to statute.

RCW 6.12.090 provides that

The homestead is exempt from attachment and from execution or forced sale, except as in this chapter provided; . . . Every homestead created under this chapter is presumed to be valid to the extent of all the lands claimed exempt, until the validity thereof is contested in a court of general jurisdiction[.]

RCW 6.12.100 enumerates certain types of judgments for which the homestead property is subject to execution or forced sale. Christgard concedes that no statutory exemption applies.

In *Webster v. Rodrick, supra,* our Supreme Court created a nonstatutory exemption to RCW 6.12.090. The plaintiff's employee had embezzled varying amounts from plaintiff over a period in which she and her husband acquired real estate and paid for improvements thereon. Recognizing that "[t]he homestead exemption statute cannot be used as an instrument of fraud and imposition", the court concluded "[i]t would be unrealistic to say that plaintiff's embezzled funds were not used to purchase and improve the property in question [and that t]he funds have been traced with all the accuracy possible under the circumstances." The Supreme Court held the plaintiff was entitled to an equitable lien upon the property acquired by his employee in order to secure and enforce payment of a money judgment based on embezzlement of plaintiff's funds. *Webster v. Rodrick, supra* at 818, 819. The opinion and quoted authorities variously describe the conduct for which such an equitable lien might be imposed as "wrongfully mingl[ing] money of another with money of his own", "fraud", "theft" and "embezzle[ment of] funds." *Webster v. Rodrick, supra* at 817, 818, 819. Although the exact parameters of the exemption are not identified in *Webster v. Rodrick,* it is clear that an equitable lien may be imposed when the homestead claimant acquired the funds to purchase his homestead by fraud.

We have reviewed the findings and conclusions, entered by the trial judge in the prior action of *Christgard, Inc. v. Christensen,* particularly those which pertain to Christensen's intentional misrepresentation that a bank had conducted a market survey and was willing to lend him $50,000 to $60,000 to develop the sawmill project. We are satisfied that these findings and conclusions establish all the elements of common law fraud. *E.g., Martin v. Miller,* 24 Wn. App. 306, 600 P.2d 698 (1979).

The record is also sufficient to establish "with all the accuracy possible under the circumstances", *Webster v. Rodrick, supra* at 819, that Christensen used money obtained from Earl Gardinier to make payments on Christensen's property and its improvements. Christensen's answers to interrogatories and deposition testimony establish that all income he and his wife received between January 1978 and October 1980 was commingled into an aggregate amount which Christensen "kept . . . on [his] person." It follows that the money received from Earl Gardinier was part of this commingled fund. It also follows that all of Christensen's expenditures during this period were paid from the commingled fund, and therefore Earl Gardinier's money is traceable to the homestead property and improvements thereon.

When the evidence presented tends to establish the claimant maintained a common, commingled fund, the claimant necessarily bears the burden of offering evidence to show some part of that fund possesses a character distinct from the remainder. Christensen presented only conclusory arguments in response to the motion for summary judgment, raising such matters as the lack of evidence as to exactly where he kept the money from Earl Gardinier. Such arguments do not raise material issues of fact. The trial judge therefore did not err in ruling as a matter of law that Christgard was entitled to an equitable lien upon Christensen's property. *Webster v. Rodrick, supra.*

We do not read language in *Webster v. Rodrick* and the authorities there cited to support exemption of property

from the protections of RCW 6.12.090 whenever the purchase funds were somehow "wrongfully" acquired. A debtor could acquire money "wrongfully" by such methods as sale of an unregistered security, *see* RCW 21.20.140, sale of a product which fails to comply with an implied warranty of merchantability, *see* RCW 62A.2–314, entering an agreement not to use competing goods and services which substantially lessens competition, *see* RCW 19.86.050, or by violating other statutes or laws which do not entail the degree of intentional culpability found in embezzlement or common law fraud.

The homestead exemption is a shield to protect the claimant's dependents as well as the claimant in the enjoyment of a domicile, *Webster v. Rodrick, supra; In re Estate of Feas,* 30 Wash. 51, 70 P. 270 (1902), and the homestead laws should be liberally construed in favor of the debtor. *Algona v. Sharp,* 30 Wn. App. 837, 638 P.2d 627 (1982). This decision is based upon a finding of common law fraud. If mere "wrongful" conduct is to remove the protections afforded by RCW 6.12.090, this determination should be made by the Legislature rather than the courts.

The judgment is affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.

Review denied by Supreme Court December 16, 1983.