**In re Earnest James PEDERSON, Debtor.**

**Earnest James PEDERSON, Appellant,**

**v.**

**Bonnie Jean STEDMAN, Appellee.**

**BAP No. WW–86–1938–MeEAs.**

**Bankruptcy No. 86–05147–Y7.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Sept. 30, 1987.

Peter H. Arkison, Billingham, Wash., for appellant.

M. Kathryn Lee, Lee & Uhrig, Bellingham, Wash., for appellee.

Before MEYERS, ELLIOTT and ASHLAND, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

## I

## BACKGROUND

On July 3, 1986, a Superior Court in Washington entered a Decree of Dissolution in the marriage of the Debtor and Bonnie Stedman. The decree did not provide for any alimony, support or maintenance payments but did divide up the parties' property. As part of the settlement, the Debtor was awarded as his sole and separate property some realty which had been used as the parties' residence during their marriage. The residence had been his separate property prior to the marriage. The Superior Court found that the marital community had made significant contributions to this real property. In recognition of these contributions and in order to equalize the property division, the court awarded Stedman a judgment against the Debtor of $8,000. Furthermore, the judgment was to constitute a lien against the Debtor's real property.

On July 22, 1986, the Debtor filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code ("Code"). The Debtor claimed a $25,000 homestead exemption allowed under Washington state law on his residence. The Debtor then moved to avoid the $8,000 judgment pursuant to Section 522(f)(1) of the Code claiming that the state court's decree created a judicial lien which impaired his homestead exemption.

The Bankruptcy Court denied the Debtor's motion in a document entitled "Opinion and Order on Motion to Avoid Lien." The Court stated: "The law is well established that either such a lien is not a judicial lien as contemplated by Section 101(30), or that it is a judicial lien which is not subject to avoidance."

## II

## DISCUSSION

### A. *Separate Order Rule*

Bankruptcy Rule 9021(a) requires that "Every judgment entered in an adversary proceeding or contested matter shall

be set forth on a separate document." This means that the judgment or order must be separate from an opinion or memorandum of the court. *In re Rehbein,* 60 B.R. 436, 439 (9th Cir. BAP 1986). The purpose of this rule is to avoid confusion over when the time for an appeal begins to run. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed. 2d 357 (1978). The rule also helps avoid confusion over which actions of the court constitute the final judgment. *United States v. Indrelunas,* 411 U.S. 216, 220–21, 93 S.Ct. 1562, 1564, 36 L.Ed.2d 202 (1973). Failure to comply with Bankruptcy Rule 9021 gives the appellate court discretion to dismiss or remand. *In re Johnson,* 62 B.R. 24, 27 (9th Cir. BAP 1986).

In the present case, the opinion, which explains the facts and the Court's reasoning, and the Court's order, which denied relief to the Debtor, are both found in the same document. This violates Rule 9021(a). However, the parties are free to waive the requirements of Rule 9021(a). *See Bankers Trust Co. v. Mallis, supra,* 435 U.S. at 384, 98 S.Ct. at 1119. Since this rule should be interpreted to prevent the loss of the right to appeal, the Panel finds that the parties have waived the requirements of this section. *In re Rehbein, supra,* 60 B.R. at 439.

### B. *Lien Avoidance Under Section 522(f)(1)*

Section 522(f)(1) states:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien.

11 U.S.C. § 522(f)(1). Under this section, a debtor may avoid a judicial lien valid under state law to the extent that it impairs an exemption to which the debtor would otherwise be entitled under Section 522(b). *In re Commercial Western Finance Corp.,* 761 F.2d 1329, 1337 n. 15 (9th Cir.1985); *In re Dahdah,* 20 B.R. 665, 667 (9th Cir. BAP

1982). The Supremacy Clause of the Constitution gives effect to Section 522(f) where it conflicts with a state's lien laws. *In re Hall* 752 F.2d 582, 586 n. 4 (11th Cir.1985); *In re Dahdah, supra,* 20 B.R. at 667.

In the present case, the Superior Court judgment, which expressly imposed a lien on the Debtor's real property to secure future property settlement payments, created a valid equitable lien under Washington law. *Northern Commercial Co. v. E.J. Hermann Co.,* 22 Wash.App. 963, 593 P.2d 1332, 1335 (1979). Under Washington law, the Debtor's homestead declaration did not protect him against an equitable lien. *Webster v. Rodrick,* 64 Wash.2d 814, 394 P.2d 689, 691–92 (1964); *Christensen v. Christgard, Inc.,* 35 Wash.App. 626, 668 P.2d 1301, 1303 (1983). Nevertheless, Section 522(f)(1) authorizes the avoidance of this lien to allow the debtor's exemption on property which would otherwise be encumbered by it. *In re Baxter,* 19 B.R. 674, 675 (9th Cir. BAP 1982). This fulfills Congress' intent to favor the debtor's right to an exemption over a creditor's right to enforce a judicial lien. *See In re Hall, supra,* 752 F.2d at 586; H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

The Eighth Circuit has held that Section 522(f)(1) does not authorize a debtor to avoid a judicial lien arising from a property settlement in a divorce proceeding. *Boyd v. Robinson,* 741 F.2d 1112, 1114 (8th Cir. 1984). In *Boyd,* the debtor owed her former spouse $7,000 from an order dissolving their marriage prior to the debtor's bankruptcy. The Court of Appeals first noted that Section 522(f)(1) requires "the fixing of a lien on an *interest of the debtor* in property ...." 11 U.S.C. § 522(f)(1) (emphasis added). The court then found that the lien in the divorce decree merely protected the creditor's *pre-existing* interest in the homestead that arose by state law prior to the marriage dissolution. 741 F.2d at 1114. Since the lien did not attach to an "interest of the debtor," it was not avoidable under Section 522(f)(1). *Id.*

Although decisions of the Eighth Circuit are entitled to great respect, the Panel finds that the lien in the present case did attach to an interest of the Debtor. The Superior Court's dissolution decree awarded the real property outright to the Debtor. Any interest Stedman may have gained in the course of the marriage was extinguished by the marriage dissolution decree prior to the Debtor's bankruptcy. In its place, the Superior Court granted Stedman an $8,000 judgment. The lien which accompanied this judgment clearly attached to "an interest of the debtor in property." Therefore, this lien was avoidable under Section 522(f)(1).

The Bankruptcy Court also found that Stedman's lien was not a "judicial lien" as that term is used in Section 522(f)(1). The federal definition of "judicial lien" controls the determination of whether a debtor's interest is a judicial lien for bankruptcy purposes. *In re Boyd, supra,* 741 F.2d at 1115 (Ross dissenting). *See also In re Hulm,* 738 F.2d 323, 326 (8th Cir.1984). Section 101(32) defines "judicial lien" as follows:

> judicial lien means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

11 U.S.C. § 101(32) (West Supp.1987). A "lien", in turn, is defined as a:

> charge against or interest in property to secure payment of a debt or performance of an obligation.

11 U.S.C. § 101(33) (West Supp.1987).

In the present case, the judgment expressly imposed a lien on the Debtor's real property to secure future property settlement payments. The Bankruptcy Court found that this did not create a "judicial lien" as defined in Section 101(30). We disagree. The lien gave Stedman a secured interest in the real property and was obtained by a court decree. Thus, it fits precisely within the Code's definition of "judicial lien." *In re Boyd, supra,* 741 F.2d at 1115 (Ross dissenting). *But see In re Lodek,* 61 B.R. 66, 68 (W.Tex.1986).

Allowing the Debtor to avoid this judicial lien is consistent with the Code's treatment regarding exceptions to discharge. The Code clearly favors the discharge of property settlement obligations resulting from divorce. *See Stout v. Prussel,* 691 F.2d 859, 861 (9th Cir.1982). On the other hand, if the judgment awards alimony, maintenance or support, the debt is excepted from discharge under Section 523(a)(5). *In re Harrell,* 754 F.2d 902, 906 (11th Cir.1985). In the present case, the state court's divorce decree set forth a property division. Just as the debt would be dischargeable, the accompanying lien should also be avoidable under Section 522(f)(1). Such a result not only harmonizes different Code sections but also fulfills Congress' purpose of protecting the debtor's exemptions, his discharge and his fresh start. *In re Baxter, supra,* 19 B.R. at 676.

REVERSED.

ELLIOTT, Bankruptcy Judge, dissenting:

I respectfully DISSENT. I would follow *Boyd v. Robinson,* 741 F.2d 1112 (8th Cir. 1984) and AFFIRM.