**In re Robert C. STEBBINS, Incompetent by and through his guardian, Christine DAHL, Debtor.**

**Robert STEBBINS, et al., Appellants,**

v.

**Rita KIERNAN f/k/a Rita Stebbins, Appellee.**

**No. 88–1300–Civ.**

United States District Court, S.D. Florida.

Sept. 4, 1989.

Carlos L. De Zayas, Ullman & Ullman, P.A., North Miami Beach, for appellants.

John A. Ritter, Ritter & Ritter, Miami, Fla., for appellee.

ORDER ON APPEAL FROM THE BANKRUPTCY COURT

ATKINS, District Judge.

THIS CAUSE is before the court on an appeal from a final judgment of the bankruptcy court in an adversary proceeding to determine the dischargeability of a debt and a petition to avoid a judgment lien on homestead property. After carefully reviewing the briefs and after oral argument, it is

ORDERED AND ADJUDGED as follows:

The appellant ("Stebbins") and the appellee ("Kiernan") were divorced after a brief marriage. The divorce proceeding awarded Kiernan "the sum of $55,000.00 as and for lump sum alimony," and attorney's fees in the amount of $25,000.00. Kiernan filed a lien against Stebbins' property known as the "Treehouse." The appellant filed a voluntary Chapter 7 bankruptcy proceeding in which he petitioned to avoid the lien on this property and to determine the dischargeability of the judgment that gave rise to the lien. Both parties stipulated to the absence of contested facts and agreed that the bankruptcy court should determine the dischargeability of the debt.

After briefing and oral argument, the bankruptcy court found that "[t]he portion of the 1984 final judgment which is in the nature of alimony is $25,000 of the $55,000 portion labeled 'lump sum alimony' and $15,000 of the $25,000 portion labeled 'attorneys fees,' plus interest of 12% from the date of December 19, 1984, and any costs awarded." That portion that the court found to be in the nature of alimony was then held non-dischargeable. The bankruptcy court concluded that the lien continues to the extent of the non-dischargeable debt.

Stebbins argues that the bankruptcy court erred in both its refusal to avoid the lien and its finding that one half of the award was in the nature of alimony. Stebbins proffered the following facts:

1. Stebbins owned the property in his name alone prior to his marriage and occupied it as a family residence from the time of its purchase;

2. Stebbins and Kiernan were married in November of 1982;

3. Prior to the marriage, the property became uninhabitable because of water and roof damage and the couple moved into Kiernan's condominium, a move that was intended to be temporary until repairs were effected at which time they would return to the house;

4. In August of 1983, the couple separated and the appellant moved back into the property and re-occupied it as a family residence;

5. The judgment giving rise to the lien was rendered on May 1, 1985;

6. The appellant has occupied the property as his homestead principal residence continuously from August 1983 until the present time.

## I. LIEN:

The lien avoidance provision of the Bankruptcy Code applies to state exemptions notwithstanding state limitations on the ability of a debtor to exempt lien-encumbered property.[1] *In re Hall*, 752 F.2d 582, 587 (11th Cir.1985) (use of Georgia exemptions does not preclude the operation of section 522(f)); *see also In re Pederson*, 78 B.R. 264, 266 (9th Cir. BAP 1987) ("The Supremacy Clause of the Constitution gives effect to Section 522(f) where it conflicts with a state's lien laws.") (citations omitted). The Bankruptcy Code favors the discharge of property settlement obligations resulting from divorce. *Stout v. Prussel*, 691 F.2d 859, 861 (9th Cir.1982). But if the judgment is for alimony, maintenance, or support, the debt is excepted from discharge. *Harrell*, 754 F.2d at 906. Just as a debt would be dischargeable, the accompanying lien would be avoidable under section 522(f)(1). *Pederson*, 78 B.R. at 267. Therefore to the extent that the lien represents a judgment for alimony, support, or maintenance, it will not be discharged and the lien will not be avoided. To the extent that the lien represents a judgment of property settlement, it will be discharged and avoided.

## II. ALIMONY:

" 'What constitutes alimony, maintenance, or support will be determined under the bankruptcy laws, not state law.' " *Harrell*, 754 F.2d at 905 (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977),

---

1. "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, is such lien is—(1) a judicial lien...." 11 U.S.C. § 522(f).

U.S.Code Cong. & Admin.News 1978, pp. 5787, 6319); *see also Shaver v. Shaver*, 736 F.2d 1314 (9th Cir.1984); *Williams v. Williams (In re Williams)*, 703 F.2d 1055 (8th Cir.1983). Bankruptcy courts must look to the substance of the award rather than to the state law labels. *Erspan v. Badgett*, 647 F.2d 550, 554 (5th Cir.1981). "[L]imited to it proper role, the bankruptcy court will not duplicate the functions of state domestic relations courts, and its rulings will impinge on state domestic relations issues in the most limited manner possible." *Harrell*, 754 F.2d at 907.

 The language of section 523(a)(5) requires bankruptcy courts to determine nothing more than whether the support label accurately reflects that "the obligation at issue is 'actually in the nature of alimony, maintenance, or support.'" *In re Harrell*, 754 F.2d 902, 906 (11th Cir.1985). The *Harrell* opined that this language suggests a simple inquiry into whether the obligation can legitimately be characterized as support, that is whether it is in the nature of support; it does not require a precise inquiry into financial circumstances to determine precise levels of need or support.

The obligation in this case is a judgment for $55,000 labeled "lump sum alimony" by the state court in addition to $25,000 labeled "attorney's fees." The bankruptcy court made the following findings:

> The portion of the 1984 final judgment which is in the nature of property settlement is $30,000 of the $55,000 portion labeled 'lump sum alimony,' and $10,000 of the $25,000 portion labeled 'attorneys fees' pursuant to the Bankruptcy Court's equitable powers pursuant to 11 U.S.C. § 105....
>
> The husband used funds for his own purposes and charged them to the wife so that they became debts of the wife,
>
> The funds became a lien on the homestead of the wife;
>
> The husband physically abused the wife.

The bankruptcy court concluded that one half of the award could legitimately be characterized as support and thus "its task was at an end." *Harrell*, 754 F.2d at 907.

Because the court's finding was not clearly erroneous it will not be disturbed. *Matter of T & B General Contracting, Inc.*, 833 F.2d 1455, 1459 (11th Cir.1987) (bankruptcy court's findings of fact will be accepted unless clearly erroneous) (citing *In re Greenbrook Carpet Co., Inc.*, 722 F.2d 659 (11th Cir.1984)).

For the foregoing reasons, the decision of the bankruptcy court is affirmed.

DONE AND ORDERED.