**In re Javier Antonio VASQUEZ, Debtor.**

**Herbert & Cynthia TRAN, Plaintiff,**

**v.**

**Javier Antonio VASQUEZ, Defendant.**

**Bankruptcy No. 88–02066–AT.**
**Adv. No. 89–0563–AT.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Oct. 1, 1990.

Richard J. Stahl, James R. Hart, Dixon & Smith, Fairfax, Va., for plaintiff.

Benjamin D. Pelton, Arlington, Va., for debtor/defendant.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

The court held trial on the plaintiffs' complaint to except from discharge pursuant to 11 U.S.C. § 523(a)(2) an indebtedness evidenced by a promissory note. The complaint relied upon both § 523(a)(2)(A) and (B); however, at trial plaintiffs limited their case to § 523(a)(2)(A). Also, although the debtor defendant's answer alleged a counterclaim against the plaintiffs based upon allegations that the promissory note called for a usurious rate of interest, no assertion of this counterclaim was made at trial.

At the conclusion of plaintiffs' presentation of evidence at trial, debtor's counsel moved for judgment in favor of the debtor and put on no evidence.

The court has considered the evidence and arguments of counsel and based upon this opinion holds that judgment will be entered for the debtor.

### Findings of Fact

The debtor is a medical doctor who originally filed a chapter 11 bankruptcy case, which has now been converted to a case under chapter 7.

On February 18, 1988, Mr. and Mrs. Tran, the plaintiffs, loaned debtor the sum of $58,000.00. This loan was evidenced by a loan agreement and a promissory note that was secured by two condominium units. The loan security took two forms: (1) a deed of trust against the two condo units and (2) executed "pocket" quitclaim deeds for each condo unit, which were held by the plaintiffs under terms stated in the loan agreement. The purpose for the quitclaim deeds was to enable plaintiffs to take title to the realty upon default of the loan without their having to go through foreclosure under the deed of trust.

The Trans and debtor had been brought together in the loan transaction by a real estate agent, Louise Villaflor, who also performed as an unlicensed mortgage broker. Title examination, preparation of the legal documents and the loan settlement were handled by an attorney who had been selected by the agent. In essence the attorney represented all the parties to the transaction, a not unusual practice in Virginia.

At the time of the 1988 transaction the debtor had been experiencing severe financial problems arising largely from his construction of a costly residence beginning in 1987 or earlier. In her real estate practice, Villaflor had concentrated on obtaining financing to rescue troubled real estate projects. She had met the debtor previously, in 1987, when she learned of a pending foreclosure of his residence under construction. Although at that time she found a source of financing, it was rejected by debtor who obtained other financing. The

1988 Tran loan came about several months later when debtor contacted Villaflor for additional financing, and she put him in touch with Mr. and Mrs. Tran.

The following is the first paragraph of the loan agreement for the Trans' loan to debtor:

> This agreement is made and entered into this 18th day of February, 1988, by and between Javier A. Vasquez, M.D., P.C., Javier A. Zasquez (sic), individually and Carolina Vasquez, his wife (Borrower) and Herbert Tran and Cynthia Tran, his wife (Lender).

All of the loan documents, i.e., loan agreement, promissory note, deed of trust and two quitclaim deeds, were executed by the debtor and by Carolina Vasquez as debtor's wife. At the time of the loan the debtor had represented to the Trans, Villaflor and the settlement attorney that Carolina Vasquez was his wife, and he obtained her execution of all the loan documents.

In fact, the debtor had been divorced from Carolina Vasquez some years prior to 1988, and at the time of the Tran loan debtor was married to Mary Ann Clement Vasquez. The settlement attorney did not discover this fact until after debtor filed bankruptcy. (In examining title to the condos, the settlement attorney had noted that a deed of trust on one unit was joined in by Mary Ann Clement Vasquez. When the attorney asked debtor about this, debtor told the attorney that Mary Ann Clement Vasquez was his previous wife, and Carolina Vasquez was his current wife.)

After the debtor filed bankruptcy, the Trans requested and received from this court pursuant to 11 U.S.C. § 362(d) relief from the stay as to their deed of trust and have since then foreclosed on the two condo units, one of which they still owned at the time of trial.

In making the loan to debtor, the Trans relied upon the fact that he was a medical doctor and also upon their receiving the condo units as security for the loan.

Mary Ann Clement Vasquez never made any claim of her dower interest against the subject properties, and she is now divorced from the debtor.

## Discussion And Conclusions

[1] 11 U.S.C. § 523(a)(2)(A) provides that a debt will be excepted from the bankruptcy discharge when the objecting creditor establishes that the debtor obtained money by false pretenses, false representations or actual fraud. *See* 11 U.S.C. § 523(a)(2)(A) (1988). To prove that a debt is excepted from discharge under this section the plaintiff must establish that the debtor knowingly made misrepresentations with the intention and purpose of deceiving the creditor and that the creditor, relying on the representations, sustained loss and damage as the proximate result. *See, Sweet v. Ritter Finance Co.*, 263 F.Supp. 540, 543 (W.D.Va.1967), *Ward v. Wyatt (In re Wyatt)*, 87 B.R. 874 (Bankr.E.D.Va. 1988).

It is uncontroverted that Vasquez misrepresented his marital status on all of the loan documents. However, this in itself is insufficient. *See Moseley Associates v. Lieberman (In re Lieberman)*, 14 B.R. 881, 884 (Bankr.E.D.Va.1981).

The Trans have failed to show that they relied on Dr. Vasquez' representation of his marital status to make the loan or that their loss was a proximate result of the misrepresentation. To the contrary, the Trans' testimony revealed that they relied on Vasquez' status as a professional to make the loan. Because of this failure of evidence their complaint under § 523(a)(2)(A) must also fail.

A separate order will be entered granting judgment in favor of the debtor.