FILED
COURT OF APPEALS DIV.
STATE OF WASHINGTON

2014 OCT 27 AM 9: 50



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | |
| NANCY A. GASS, | ) | |
| | ) | No. 71007-9-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| AHMAD ABDEL-WAHED, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 27, 2014 |
| | ) | |

BECKER, J. — The homestead statute exemption cannot be used to facilitate unjust enrichment. Where a party has wrongfully obtained funds belonging to another and there is a sufficient connection between the wrongfully obtained funds and the homestead property, a court may impose the equitable remedy of a constructive trust on proceeds received from the sale of that property.

The parties to this declaratory judgment action, Nancy Gass and Ahmad Abdel-Wahed, were previously married. They separated in September 2009. A decree dividing their marital assets was entered on August 24, 2010, confirming a binding arbitration award. Each party was to receive an equal share of the community assets as valued by the arbitrator. The marital home was awarded to Abdel-Wahed. Gass's offsetting award was to come from specified investment

accounts held in Abdel-Wahed's name. Abdel-Wahed was ordered to pay spousal maintenance.

Abdel-Wahed continued to live in the house. He did not make spousal maintenance payments. And he did not transfer funds to Gass.

The trial court issued an order and judgment of contempt against Abdel-Wahed for failing to pay spousal maintenance and transfer assets as required by the decree, despite having the ability to do so. Judgment was entered in the amount of $190,318.35 on August 8, 2012. This amount included $50,400.00 in past-due spousal maintenance. It also included $96,760.35 which should have been transferred to Gass from the investment accounts. The remainder of the judgment was for interest, attorney fees, and costs. The judgment ordered that the marital home be sold and authorized Gass to sell it under court supervision.

Gass obtained an order forcibly removing Abdel-Wahed from the home on September 14, 2012. The home was sold on November 28, 2012. The sale netted $175,074.08 in proceeds. Pursuant to an agreement between the parties, Gass received $50,400.00 from the sale proceeds to cover the past-due spousal maintenance payments.

Abdel-Wahed refused to agree to let Gass receive any of the remainder of the sale proceeds towards satisfying the balance of her judgment. He asserted the protection of the homestead statute. Abdel-Wahed claims that he had an automatic homestead on the property from the time he began living there years before the dissolution. Also, he recorded a homestead declaration on September 28, 2012, to protect that interest.

Gass instituted this declaratory judgment action to obtain an order awarding the remaining sale proceeds to her. Upon cross-motions for summary judgment, the court issued an order on September 18, 2013. The order granted Gass's motion in part, declaring she was entitled to receive from the remaining sale proceeds the sum that, under the decree, should have been transferred to her from the investment accounts. To that extent, the court imposed a constructive trust over the sale proceeds. The court recognized that Abdel-Wahed also owed Gass the interest, attorney fees, and costs itemized in the judgment of August 8, 2012, but the court was not certain of its legal authority to impose a constructive trust on those obligations as they were not specifically mentioned in the dissolution decree. Accordingly, the order provided that Gass would be permitted to withdraw $96,760.35 from the residence sale proceeds that had been deposited with the court.

Abdel-Wahed appeals. He challenges the court's authority to impose a constructive trust in these circumstances.

This court reviews orders granting summary judgment de novo and all inferences must be drawn in favor of the nonmoving party. Lybbert v. Grant County, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000).

JURISDICTION AND STATUTORY AUTHORITY

Abdel-Wahed first argues that the order of summary judgment is void for want of jurisdiction because Gass's complaint for declaratory relief did not specifically request that the trial court impose a constructive trust. Abdel-Wahed claims that the absence of a request for the specific relief granted makes the

3

judgment void under In re Marriage of Hardt, 39 Wn. App. 493, 496, 693 P.2d 1386 (1985).

In Hardt, a decree of marriage dissolution was entered ordering the husband to pay child support despite the parties having stipulated in their joint petition that an order of child support was not requested. Five years after the decree was entered, the former husband obtained a judgment vacating the child support obligation. The vacation was affirmed on appeal under CR 60(b)(11). The court concluded that the entry of a judgment that did not conform to the parties' stipulation was the type of irregularity allowing vacation of an order that was not appealable for error of law. Here, the petition was not stipulated.

A court has subject matter jurisdiction when it has authority to adjudicate the type of controversy involved in an action. Williams v. Leone & Keeble, Inc., 171 Wn.2d 726, 730, 254 P.3d 818 (2011). There can be no doubt that a case in which a declaratory judgment or a constructive trust is sought is among the types of cases a superior court has the power to decide. The trial court did not lack subject matter jurisdiction, and the judgment is not void.

Abdel-Wahed restates the argument in his reply brief as a lack of statutory authority. He contends that the authority granted by the declaratory judgment statute does not include the authority to fashion equitable relief such as a constructive trust. He did not make this argument below in response to Gass's motion for summary judgment and has not identified any rationale which allows him to raise it for the first time on appeal.

In any event, the cases Abdel-Wahed cites are not on point. He cites Bainbridge Citizens United v. Dep't of Natural Res., 147 Wn. App. 365, 374-75, 198 P.3d 1033 (2008), and City of Tacoma v. City of Bonney Lake, 173 Wn.2d 584, 595, 269 P.3d 1017 (2012). In Bainbridge Citizens, the appellants sought to use a declaratory judgment action as a vehicle to make a state agency enforce certain regulations in a manner that the appellants desired. The court stated that this would be an improper use of our declaratory judgment statutes. "Declaratory judgments are not meant to compel government agencies to enforce laws. If the UDJA [Uniform Declaratory Judgments Act] allowed otherwise, the negative implications would be endless. Courts would be forced to supervise administrative agencies, a function we have long found contrary to the judiciary's proper role." Bainbridge Citizens, 147 Wn. App. at 375. Nothing in Bainbridge Citizens suggests the trial court lacked authority to impose a constructive trust as a remedy after declaring that Gass's right to be paid from the sale proceeds was not barred by Abdel-Wahed's homestead declaration. Abdel-Wahed's reliance on City of Tacoma is equally misplaced. In that opinion, our Supreme Court simply recognized that courts err by dismissing a complaint with prejudice without declaring the rights of the parties when declaratory relief is sought. City of Tacoma, 173 Wn.2d at 595.

Gass's complaint sought declaratory relief, and it also asked the court to grant "such other and further relief as the Court finds just and equitable." While the complaint did not specifically ask for imposition of a constructive trust, Gass's cross motion for summary judgment fully explained her theory that the proceeds

from the sale of the home were subject to a constructive trust to prevent Abdel-Wahed's unjust enrichment.

We conclude the court did not lack jurisdiction or authority to impose a constructive trust.

## EFFECT OF HOMESTEAD EXEMPTION

Abdel-Wahed contends the trial court improperly disregarded his homestead exemption.

A homestead is "real or personal property that the owner uses as a residence." RCW 6.13.010(1). A homestead is exempt from execution on judgments up to a specified amount. RCW 6.13.070(1). That amount is presently $125,000. RCW 6.13.030. A judgment against the owner of the homestead becomes a lien on the value of the homestead property in excess of the homestead exemption from the time it is recorded. RCW 6.13.090; Wilson Sporting Goods Co. v. Pedersen, 76 Wn. App. 300, 304-06, 886 P.2d 203 (1994).

Abdel-Wahed contends that Gass is barred from recovering against the homestead sale proceeds because she did not record any of her judgments concerning the home and therefore did not create a lien. This argument is without merit. The trial court's decision to impose a constructive trust was not based on a finding that Gass had a lien under RCW 6.13.090. The trial court's decision was based on a record showing that "the defendant intentionally and in bad faith 'looted' the investment accounts which were supposed to be transferred to plaintiff as part of the Decree, and was unjustly enriched by doing so." Clerk's

Papers at 207 (Order on Cross Motions for Summary Judgment, September 18, 2013).

As stated by the trial court in its order, "it is well established that the Homestead Statute exemption cannot be used to facilitate unjust enrichment or fraud, and the court in equity may impose a constructive trust." The court cited Webster v. Rodrick, 64 Wn.2d 814, 394 P.2d 689 (1964), to support this proposition. Webster recognizes a nonstatutory exemption that "allows an equitable lien to be imposed against a homestead when the homestead claimant acquires the funds to purchase the homestead by fraud or theft." Fed. Intermediate Credit Bank of Spokane v. O/S Sablefish, 111 Wn.2d 219, 229-30, 758 P.2d 494 (1988).

In Webster, an employer sued to recover funds embezzled by his bookkeeper. The employer obtained a money judgment against the bookkeeper individually and her marital community for the sum embezzled, as well as a decree imposing an equitable lien upon the defendants' property, including their residence. The employer attempted to have the residence sold to satisfy the judgment. The defendants claimed protection under the homestead statute, and the trial court denied the employer's motion to declare the homestead exemption invalid.

Our Supreme Court reversed and observed that the homestead exemption, while enjoying a favorable position in law, is intended for use as a shield to protect the homesteader. "We find no decision in this jurisdiction where the court has permitted the judgment debtor to use the statutes as a sword to

7

protect a theft." Webster, 64 Wn.2d at 816. Nor can they be used "as an instrument of fraud or imposition." Webster, 64 Wn.2d at 818. The court concluded that the homestead statutes did not protect the defendants from the equitable lien.

Webster allows an equitable lien to be imposed against a homestead when the homestead claimant acquires the funds to purchase the homestead by fraud or theft or other wrongful conduct. Pinebrook Homowners Ass'n v. Owen, 48 Wn. App. 424, 430, 739 P.2d 110, review denied, 109 Wn.2d 1009 (1987); see also Casterline v. Roberts, 168 Wn. App. 376, 386-87, 284 P.3d 743 (2012). The imposition of an equitable lien against homestead property requires a showing that the wrongfully obtained funds are traceable in some way to the homestead property or connected with its use or obtained by intentional culpability such as fraud. See Christensen v. Christgard, Inc., 35 Wn. App. 626, 630-31, 668 P.2d 1301, review denied, 100 Wn.2d 1032 (1983). In Webster, the court took pains to recite the evidence that the embezzled funds were "used to purchase and improve the property in question." Webster, 64 Wn.2d at 819. Abdel-Wahed argues that Webster does not apply here because the funds he wrongfully took from the investment accounts were not used to purchase or improve the residence and were not obtained by fraud.

The record shows a clear connection between the wrongfully obtained funds and the property claimed as an exempt homestead. The dissolution decree gave Abdel-Wahed sole ownership of the home in which he now claims homestead protection. He was held in contempt for failing to comply with an

order to transfer money to Gass from the investment accounts to equalize the distribution of marital assets. This was intentionally culpable conduct. In effect, Abdel-Wahed is attempting to use the homestead exemption to avoid paying for the home. Also, his motion for summary judgment admits that he directly used investment account funds to meet his living expenses, which included mortgage payments on the home. Under these circumstances, the wrongfully obtained funds are sufficiently connected to the homestead. The trial court appropriately relied on Webster as authority to impose the constructive trust.

Gass requests attorney fees on appeal under RCW 26.09.140. The request is granted. An award of attorney fees under the statute is proper if the present litigation is a "continuation of the original dissolution action." Seals v. Seals, 22 Wn. App. 652, 657, 590 P.2d 1301 (1979). This is especially true when the losing party's conduct constitutes bad faith. Seals, 22 Wn. App. at 658.

Affirmed. Attorney fees on appeal are awarded to Gass.

Becker, J.

WE CONCUR:

Trickey, J.                    Leach, J.

9